McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
KURT A. DIDIER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>KATHERINE DECKER,<br><br>  Defendant. | Case No.: 2:20-CR-0009-KJM<br><br>**STIPULATION RE RESTITUTION;<br>AND ORDER THEREON** |

The Court sentenced defendant Katherine Decker (Decker) on September 14, 2020, and has entered a judgment in the case. Judgment in a Criminal Case, ECF No. 33 (Judgment). The Court imposed a custodial sentence, ordered Decker to pay a $200 special assessment, waived the fine, and deferred the restitution hearing until November 9, 2020. *Id*., at 6. With respect to the restitution hearing, the Court afforded the parties the opportunity to negotiate and memorialize a restitution agreement in lieu of proceeding at a formal hearing. Minutes for Sentencing, ECF No. 29.

The United States and Decker (the Parties) have reached a written accord. This stipulation re restitution (Stipulation) sets forth the Parties' agreement regarding the restitution amount and its payment terms, and recommends that the Court vacate the restitution hearing. The Parties, accordingly, recommend and stipulate as follows:

1.  Decker owes the State of California Employment Development Department $373,565.73

in restitution. This figure is consistent with the Parties' plea agreement, ECF No. 16, at 2, and the PSR's recommended sentence. ECF No. 35 at 17-18. The Parties agree Decker does not have the financial ability to pay interest on the restitution amount.

2. Decker has paid her $200 special assessment and the Clerk of Court should apply this payment against Decker's Judgment balance.

3. The United States may enroll and activate Decker in the Treasury Offset Program (TOP) once the Court signs the order approving the Stipulation. Decker shall remain in the TOP until the earlier of: her satisfaction of her restitution balance; the termination of her restitution liability pursuant to 18 U.S.C. § 3613(b) and (f); or further order by this Court.

4. Within 30 days from the date the Court signs the order approving the Stipulation, Decker shall pay to the Clerk of Court the entire proceeds from the sale of her 2012 Ford Fusion. Decker shall sell the vehicle in a commercially reasonable manner to a bona fide purchaser so the sale realizes the vehicle's fair market value or higher. Concurrently with her payment, Decker shall provide the undersigned government counsel a copy of her bill of sale.

5. Decker affirms her requirement to apply all substantial resources she receives (including, but not limited to, monies from inheritance, gifts, insurance settlements, claims or judgment) during her incarceration against her restitution balance. 18 U.S.C. § 3664(n). She agrees to disclose all monies she receives during her incarceration and to pay all amounts over $150 from any one of these resources to the Clerk of Court. This obligation is independent of her requirement to make payments through the Inmate Financial Responsibility Program.

6. Within thirty (30) days of her release from incarceration, Decker shall make monthly payments of at least $300 to the Clerk of Court to pay down her restitution balance (Monthly Payments). Subject to paragraph 7, below, Decker shall continue making her Monthly Payments each consecutive month thereafter until her restitution is fully paid, her obligation has terminated by operation of law, or this Court orders otherwise.

7. Decker's Monthly Payments requirement will convert to an earnings (wage) garnishment once she secures employment. The garnishment amount, for the first 90 days of her employment, shall be zero per cent (0%) of her earnings; provided, that any signing or recruitment bonus she receives from

her new employer shall be subject to the 25% garnishment amount authorized by the Consumer Credit Protection Act at 15 U.S.C. § 1673(a)(1) and the Federal Debt Collection Procedures Act (FDCPA) at 28 U.S.C. § 3205(a).  During her first 90 days of employment, Decker shall continue making her Monthly Payments to the Clerk of Court.  Beginning on her 91st day of employment, Decker's non-exempt disposable earnings[1] shall be subject to the 25% garnishment amount as authorized by the statutes cited above.

      8.      To implement the earnings garnishment, Decker agrees to promptly apprise her probation officer and government counsel of her efforts to secure employment.  Decker acknowledges and understands that the FDCPA affords her, as a judgment debtor, certain rights in a garnishment proceeding.  She waives these rights, including, service of the writ of garnishment pursuant to 28 U.S.C. § 3205(c)(3), notice of, and the right to claim exemptions, to request a hearing as provided in 28 U.S.C. §§ 3202 and 3205(c)(5), and to any other process to which she may be entitled under the FDCPA.

      9.      Once Decker secures employment, the United States shall prepare a proposed garnishment order for the Court's approval that identifies the employer garnishee and references this Stipulation.  Decker affirms she will not object to the proposed earnings garnishment order.  The United States shall serve Decker and her counsel a copy of the proposed garnishment order at the time it files the document.

      10.      If Decker's employment terminates, she shall promptly notify government counsel and resume making her Monthly Payments to the Clerk of Court within 30 days of termination.  If she subsequently finds new employment, Decker shall notify government counsel within 30 days thereof, so the United States can obtain another earnings garnishment order using the stipulated garnishment procedures stated in this Stipulation.  All subsequent earnings garnishments shall immediately be subject to the 25% garnishment amount authorized by the statutes cited above.

      11.      Decker agrees to provide the United States periodic financial information consistent with

---

[1] The FDCPA defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."  28 U.S.C. § 3002(6).  The FDCPA defines "disposable earnings" as "that part of earnings remaining after all deductions required by law have been withheld."  *Id.*, at § 3002(5).

1  18 USC § 3664(k) and upon the United States' request.  This Stipulation does not foreclose the United
2  States from enforcing Decker's restitution balance against assets she has not previously disclosed or
3  which the United States discovers from its own investigative or discovery efforts.
4     12.   Decker shall make all payments to the Clerk of Court as directed in the accompanying
5  order.
6     13.   The Parties request that the Court retain jurisdiction to resolve matters through ancillary
7  proceedings in the case, if necessary.

                                        Respectfully submitted,

FOR THE UNITED STATES:            McGREGOR W. SCOTT
                                        United States Attorney

Dated: October 26, 2020
                                  By:   */s/ Shea J. Kenny*
                                        SHEA J. KENNY
                                        KURT A. DIDIER
                                        Assistant United States Attorneys

FOR DEFENDANT KATHERINE DECKER:

Dated: October 24, 2020                 By:   */s/ Katherine Decker*
                                        KATHERINE DECKER, an individual

APPROVED AS TO FORM AND CONTENT:

Dated: October 26, 2020               By:   */s/ Michael McKneely*
                                        MICHAEL McKNEELY, ESQ.
                                        Attorney for Defendant Katherine Decker

**O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation re Restitution (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, IT IS ORDERED that:

1. Defendant Katherine Decker (Decker) pay to the State of California Employment Development Department $373,565.73 in restitution (the Restitution Amount). Interest on the Restitution Amount is waived.

2. Decker shall begin making payments toward the Restitution Amount immediately according to the Stipulation. She shall sell her 2012 Ford Fusion in a commercially reasonable fashion to bona fide third party and pay the sales proceeds to the Clerk of Court within thirty (30) days from the date this order is signed. Concurrently with her payment, Decker shall provide government counsel with a copy of her bill of sale.

3. During her incarceration, and pursuant to 18 U.S.C. § 3664(n), Decker shall disclose to government counsel all resources she receives in excess of $150 and pay these sums to the Clerk of Court within 30 days of her receipt thereof. This requirement is independent of the payments Decker makes through the Inmate Financial Responsibility Program.

4. Within 30 days following her release from prison, Decker shall make $300 monthly payments to the Clerk of Court (Monthly Payments). Each consecutive month thereafter, Decker shall continue making her Monthly Payments until she secures employment, at which time her Monthly Payments requirement will cease and her nonexempt disposable earnings will become subject to garnishment as set forth in the Stipulation. The United States shall file a proposed garnishment order to the Court and serve a copy upon Decker and her counsel at the time it files the proposed order.

5. If Decker's employment terminates, she shall promptly notify government counsel and resume making her Monthly Payments to the Clerk of Court within 30 days of termination. If she subsequently finds new employment, Decker shall comply with the notification procedure stated in paragraph 10 of the Stipulation to allow the United States to file another garnishment order.

/////

5

6. Decker shall provide the United States periodic financial information consistent with 18 USC § 3664(k) and upon the United States' request.  The United States may enforce the Restitution Amount against assets Decker has not previously disclosed or which the United States discovers from its own investigative or discovery efforts.

7. The United States may immediately enroll and activate Decker in the Treasury Offset Program.

8. Decker shall make her payments payable to the "Clerk of Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814.  Decker shall also state the docket number (Case No.: 2:20-cr-0009) on the payment instrument and, if she desires a payment receipt, shall include a self-addressed, stamped envelope with the payment.

9. The Clerk of Court shall apply any previous payments Decker has made against the criminal monetary penalties ordered in the case.

10. The restitution hearing, currently scheduled for November 9, 2020, is vacated.

11. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

 IT IS SO ORDERED.

Dated: November 2, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE